## CHARLIE MURRAY v. THE STATE.

No. 19562.   Delivered March 30, 1938.

The opinion states the case.

*Lovett & Lovett* and *J. S. Simkins,* all of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of violating the local option law, and fined $100.00.

We deem it necessary to briefly set out the facts. On May 15, 1937, a deputy sheriff of Navarro County, in company with some liquor inspectors, was driving through the streets of Corsicana, and noticed a Chevrolet automobile which, according to their information, contained intoxicating liquor. The officers got out and inspected such automobile, which was locked. They could see through the windows that there was a case of whisky in the back end of this car. They also found some whisky in the trunk at the rear of the automobile. All the doors were locked and they saw nobody near the car, and no one claimed it. They had a wrecker tow the car up to the jail, and a mechanic opened the doors, and they found forty-eight or fifty pints of whisky in the car. The deputy sheriff testified: "I don't believe I saw Charlie Murray anywhere around that afternoon when we got the car." The only testimony of any kind that would connect the appellant with the ownership and possession of this whisky is that of the witness Lee Allen, a Liquor Board inspector, who, after detailing facts and circumstances substantially as above set forth, said: "I took the license number of that car at that time and I checked up with the tax assessor and collector to see who owned it. Charlie Murray owned that automobile."

In his bill of exception No. 5 appellant complains of this testimony as secondary and hearsay and not the best evidence of what the records showed relative to the ownership of this automobile. It seems to us that the records of the assessor and collector's office were at hand and accessible, and the introduc-

tion of such records was the proper way to prove ownership, and there being no showing of their loss or destruction, secondary evidence was not admissible to make such proof.

The only time appellant's name was mentioned in the trial of this cause occurs in the two above quotations from the testimony. We are impressed with the fact that such proof falls short of showing that such whisky was owned or possessed by him for the purpose of sale.

There are other matters complained of by appellant that will doubtless not arise upon another trial hereof, but in the event the question may arise relative to proof of the publication of the order of the commissioners' court relative to the result of the election held in 1911, we quote Article 3391, Revised Civil Statutes, 1895, as follows:

"The order of the court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. If there be no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time. The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners' court. And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court shall be held sufficient prima facie evidence of such fact of publication."

We note that such a certified copy of the county judge's order is found in the statement of facts, and unless rebutted, the same is competent evidence of the proper publication.

For the error first herein discussed this judgment is reversed and the cause remanded.